```
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION
```

| | |
|---|---|
| Jabbar J. Straws, | ) |
| Plaintiff, | ) Civil Action No. 5:18-2462-BHH |
| v. | ) **OPINION AND ORDER** |
| Bryan P. Stirling, | ) |
| Defendant. | ) |

Plaintiff Jabbar J. Straws ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this civil rights action against Defendant Bryan P. Stirling ("Defendant") seeking damages and injunctive relief pursuant to 42 U.S.C. § 1983, for, *inter alia*, alleged violations of his rights under the Eighth Amendment to the United States Constitution. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Kaymani D. West for pretrial handling. On May 31, 2019, Magistrate Judge West issued a Report and Recommendation ("Report") recommending that Plaintiff's motion for preliminary injunction and temporary restraining order (ECF No. 24) be denied. (*See* ECF No. 52.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation, summarizing below only in relevant part.

## BACKGROUND

In his motion for preliminary injunction and temporary restraining order, Plaintiff seeks an injunctive order requiring Defendants to provide him with out-of-cell exercise. (*See* ECF No. 24.) He alleges that his Eight Amendment right to be free from cruel and unusual punishment has been violated because, for a period "going on nine months," he

has been denied one hour per day of out-of-cell exercise. (ECF Nos. 1-1 at 2; 24 at 2.) Magistrate Judge West issued her Report on May 31, 2019. (ECF No. 52.) Plaintiff filed objections on June 17, 2019. (ECF No. 58.) The matter is ripe for adjudication and the Court now issues the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The standard for evaluating the issuance of a temporary restraining order ("TRO") is the same as that of a preliminary injunction. *See U.S. Dep't of Labor v. Wolf Run Mining Co.*, 452 F.3d 275, 281 n.1 (4th Cir. 2006) (noting that TROs and preliminary injunctions are distinguished from one another only by their duration).

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (citation and quotation marks omitted). "A [party] seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008) (citation omitted). The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 555 U.S. at 24 (citing *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008)). "In each case, 'courts must balance the competing claims of injury and consider the effect on each party of granting or withholding the requested relief.'" *Id.* (quoting *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 542 (1987)). The court must pay particular regard to the public consequences of employing the extraordinary remedy of injunction. *Id.* A plaintiff seeking the imposition of a preliminary injunction and/or TRO must first make a "clear showing" that he will likely succeed on the merits and a "clear showing" that he will likely suffer irreparable harm in the absence of preliminary relief. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *cert. granted, judgment vacated*, 559 U.S. 1089 (2010), *and adhered to in part sub nom. The Real Truth About Obama, Inc. v. F.E.C.*, 607 F.3d 355 (4th Cir. 2010).

After discussing case law relevant to an Eighth Amendment analysis of the alleged deprivation of an inmate's right to physical exercise, the Magistrate Judge found that Plaintiff's motion for a preliminary injunction and TRO should be denied. (*See* ECF No. 52 at 1–6.) Specifically, the Magistrate Judge noted the context of Plaintiff's claims, that he is not merely opposing a motion to dismiss or a motion for summary judgment, but seeking a mandatory preliminary injunction—in other words, an injunction that alters that status quo—which should only be granted in exigent circumstances. *See Wetzel*, 635 at 286. The Magistrate Judge concluded that Plaintiff failed to make the requisite showing under *Winter*'s success-on-the-merits prong because his motion was unsupported with medical documentation and evidence of serious physical or emotional injury. (ECF No. 52 at 5.) She further concluded that Plaintiff has not sufficiently demonstrated "'irreparable harm in a deteriorating circumstance created by the defendant,'" such that preliminary relief would be appropriate. (*Id.* (quoting *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003)).) Moreover, the Magistrate Judge found that Plaintiff failed to establish that the balance of equities tips in his favor, or that the requested injunction is in the public interest. (*Id.* at 6.) "In sum, the [Magistrate Judge] recommends that Plaintiff has not demonstrated the exigencies that would justify granting his [m]otion . . . ." (*Id.*)

Plaintiff's objections faithfully recite much of the law relevant to the Court's consideration of a motion for preliminary injunction (*see* ECF No. 58 at 1–3.) However, his arguments fail to reveal any error in the Magistrate Judge's analysis. Plaintiff cites *Taylor v. Freeman*, 34 F.3d 266 (4th Cir. 1994), for the proposition that courts will generally grant preliminary injunctive relief involving the management of prisons only

4

under exceptional and compelling circumstances. *See id.* at 269–70 n.2. He argues that the denial of all rights, to include the right to be free from cruel and unusual punishment, constitute exceptional and compelling circumstances. (*See* ECF No. 58 at 3.)

In *Taylor*, the Fourth Circuit Court of Appeals held that the district court erred by granting mandatory preliminary injunctive relief with respect to reducing the inmate population at a youth correctional facility in order to alleviate overcrowding and understaffing that allegedly exposed inmates to unconstitutionally unacceptable risk of physical violence. 34 F.3d at 270. The Fourth Circuit concluded that the district court, "[took] its extraordinary action on the basis of little more than conclusory findings, which failed to consider the evidence submitted by prison officials in opposition to injunctive relief, and which likely could not support even an appropriately limited order of injunctive relief in this context." *Id.* The *Taylor* court stated, "In combination, these errors confirm that the district court exceeded the limited remedial authority vested in the federal courts to direct the way in which state prison officials meet the dictates of the Eighth Amendment." *Id.* Thus, given the lack of evidence submitted by Plaintiff to substantiate physical or emotional injury, and the presence of evidence submitted by Defendant to explain the alleged necessity of the lockdown at the correctional facility where Plaintiff is housed (*see* McCabe Decl. ¶¶ 3–11, ECF No. 30-1) and to describe plans currently being implemented to release the lockdown and reinstate out-of-cell exercise (*see id.* ¶¶ 12–23), the holding in *Taylor* counsels against granting Plaintiff's motion.

Plaintiff further argues that he is alleging the same Eighth Amendment violations that occurred in *Hearns v. Terhune*, 413 F.3d 1036 (9th Cir. 2005), that he "was not involved in the incident that caused [the] lockdown, and the Defendant is simply taking

5

advantage of the Court's decision not to order the Defendant to respect Plaintiff's rights according to the Constitution." (ECF No. 58 at 4.) In *Hearns*, the Ninth Circuit Court of Appeals held that the district court erred in dismissing Hearns's "conditions-of-confinement" claim, nothing that "Hearns alleged serious health hazards in the disciplinary segregation yard, including toilets that did not work; sinks that were rusted and stagnant pools of water infested with insects; and a lack of cold water even though the temperatures in the prison yard exceeded one hundred degrees." 413 F.3d at 1042–43. While the *Hearns* court cited the rule, generally accepted in the Ninth Circuit, that a long-term deprivation of outdoor exercise for inmates is unconstitutional, *see id.* at 1042 (citing *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993)), it was Hearns's allegations about the specific conditions of the prison yard, which he averred kept him from using the yard, that led the court to reverse the district court and conclude that Hearns stated a claim of unconstitutional prison conditions for purposes of a Rule 12(b)(6) motion, *see id.* at 1043 ("[W]ith allegations that there was a lack of drinkable water, the complaint is sufficient to state a cause of action."). Putting aside the factual distinctions between Plaintiff's allegations and the circumstances at issue in *Hearns*, the difference in procedural posture renders *Hearns* unpersuasive to displace the sound reasoning of the Magistrate Judge. It is one thing for an appellate court to find, as the Ninth Circuit did in *Hearns*, that a district court was too hasty in dismissing a plaintiff's complaint for failure to state a claim. It is another thing entirely for a district court to grant mandatory injunctive relief before adjudicating the merits of an Eighth Amendment claim, which Plaintiff is asking the Court to do here. The Court agrees with Magistrate Judge West that Plaintiff has failed to make a sufficient showing with respect to any of

the *Winter* factors. Accordingly, Plaintiff's objections are overruled.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts and incorporates by reference the Magistrate Judge's Report herein. It is therefore ORDERED that Petitioner's motion for preliminary injunction and temporary restraining order (ECF No. 24) is DENIED.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

August 14, 2019
Charleston, South Carolina