IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jabbar J. Straws, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Bryan P. Stirling, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 5:18-2462-BHH<br><br>**ORDER** |

This matter is before the Court upon Plaintiff Jabbar J. Straws' ("Plaintiff" or "Straws") pro se complaint filed pursuant to 42 U.S.C. § 1983, which raises claims against Defedant Bryan P. Stirling ("Defendant" or "Stirling"), in his individual capacity, related to the conditions of Plaintiff's confinement at McCormick Correctional Institution and Kershaw Correctional Institution since April 15, 2018. (ECF No. 1 at 5.) Specifically, Plaintiff alleges violations of his First Amendment right to freedom of religion, his Fourteenth Amendment right to be free from discrimination, and his Eighth Amendment right to be free from cruel and unusual punishment. On May 22, 2019, Defendant filed a motion for summary judgment, and on June 26, 2019, Plaintiff filed a motion for preliminary injunction and temporary restraining order.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On September 17, 2019, Magistrate Judge Kaymani D. West filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant Defendant's motion for summary judgment and deny Plaintiff's motion for preliminary injunction and temporary restraining order. Plaintiff filed objections to the

Magistrate Judge's Report, and Defendant filed a response to Plaintiff's objections. After review, the Court agrees with the Magistrate Judge's findings and recommendations, and for the reasons set forth below, the Court grants Defendant's motion for summary judgment and denies Plaintiff's motion for preliminary injunction and temporary restraining order.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### II. Summary Judgment

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there

is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## **DISCUSSION**

In his complaint, Plaintiff alleges that his First, Eighth, and Fourteenth Amendment rights have been violated by Defendant in the following ways. First, Plaintiff asserts that he is a Hebrew Israelite and that he has not been provided kosher meals and has been denied the right to grow his hair in locks. (ECF No. 1-1 at 1.) Plaintiff complains that Defendant discriminated against him by "allowing all 'character base' prisoners off of lock down, free to exercise, work and gather religiously but not affording the Plaintiff the same opportunities." (*Id.* at 1-2.) In addition, Plaintiff asserts that he has been denied the right to one hour per day of out-of-cell exercise for many weeks causing him to deteriorate, and Plaintiff asserts that he has sinus issues because the prisons where he has served time have inadequate ventilation. (*Id.* at 2.) Plaintiff complains that he only receives one shower per week and is not given the proper chemicals with which to clean his cell. (*Id.* at 2-3.) Plaintiff also complains that he has been given inadequate clothing and shoes for the weather conditions, and he alleges that he has stomach issues due to the food but that he has not seen a doctor in six years. (*Id.* at 3.) Finally, Plaintiff alleges that the prisons are understaffed and that he fears for his safety after the incident that occurred at Lee

3

Correctional Institution on April 15, 2018. (*Id.*)

In his motion for summary judgment, Defendant first asserts that most of Plaintiff's claims should be dismissed based on Plaintiff's failure to exhaust administrative remedies prior to filing suit. In support of this argument, Defendant attached a declaration outlining the subject matter of grievances filed by Plaintiff and indicating that Plaintiff either failed to raise certain issues or failed to complete the grievance process and receive a final agency decision as to certain issues, namely, the alleged denial of kosher meals, denial of out-of-cell exercise, inadequate ventilation, lack of showers, inadequate medical care, and discrimination concerning character-based units. (ECF No. 47 at 3-8; ECF No. 47-2.)

Next, Defendant asserts in his motion for summary judgment that Plaintiff's complaint fails to allege sufficient factual matter to show that Defendant is individually liable for the purported constitutional violations. In addition, with respect to Plaintiff's claims concerning his freedom of religion, Defendant asserts that Hebrew Israelite is not a recognized faith and that the applicable grooming policy does not violate the First Amendment. Defendant also points out that an alternate diet, which meets the requirements of all faith groups, is available, but Plaintiff has not requested the alternate diet. As to Plaintiff's claims regarding the denial of weather-appropriate clothing and the denial of out-of-cell exercise, Defendant asserts that Plaintiff's allegations fail to rise to the level of a constitutional violation. Defendant also contends that Plaintiff has failed to state a claim for deliberate indifference to serious medical needs. Finally, Defendant asserts that he is entitled to qualified immunity.

The Magistrate Judge thoroughly considered Plaintiff's claims and Defendant's arguments in support of summary judgment, along with the evidence of record, and

4

recommended that the Court grant Defendant's motion.  Specifically, the Magistrate Judge determined that Plaintiff failed to fully exhaust his claims regarding the alleged denial of kosher meals, denial of out-of-cell exercise while housed at Kershaw Correctional Institution, inadequate ventilation, lack of showers, inadequate medical care, and discrimination concerning character-based units.  As to Plaintiff's claims regarding the ability to grow locks, the denial of out-of-cell exercise at McCormick, and inadequate clothing, the Magistrate Judge found that Plaintiff's conclusory allegations were insufficient to state a claim against Defendant in his individual capacity.

Finally, with respect to Plaintiff's motion for preliminary injunction and temporary restraining order, the Magistrate Judge found that Plaintiff failed to show that he is likely to succeed on the merits or that he is likely to suffer irreparable harm in the absence of relief. In addition, the Magistrate Judge found that Plaintiff failed to show that the balance of equities tips in his favor or that an injunction is in the public interest.  Accordingly, the Magistrate Judge recommended that the Court deny Plaintiff's motion.

In Plaintiff's objections to the Magistrate Judge's Report, Plaintiff first repeats his First Amendment claim and complains that he is not provided with kosher meals or permitted to grow his hair in locks.  Plaintiff also objects to the Magistrate Judge's statement that Plaintiff complains about being deprived of out-of-cell exercise for 20 weeks and asserts that he has been deprived of such exercise for over 36 weeks.  And Plaintiff reiterates his claim that being housed in institutions with inadequate ventilation has caused his sinus problems and his claim that non-nutritious meals have caused his stomach pains. After review, the Court finds that these general objections simply rehash Plaintiff's claims and do not point to any legal error in the Magistrate Judge's analysis.

5

Next in his objections, Plaintiff repeats his assertion that he is suing Defendant in his individual capacity because he is the director of all of the South Carolina prisons and was informed of the alleged violations of Plaintiff's right. Plaintiff claims that he is not suing Kershaw Correctional Institution, and that he has never alleged inadequate ventilation while housed at that institution. Plaintiff states that he "has indeed exhausted his administrative remedies if only at one institution because the defendant is responsible for all institutions, making him liable." (ECF No. 70 at 3.) Here again, after review, the Court finds these general, conclusory allegations without merit as they do not point to any legal error in the Magistrate Judge's analysis.

In his objections, Plaintiff contends that the Magistrate Judge erred in finding that Plaintiff failed to exhaust his administrative remedies, and he states that the Magistrate Judge did not pay attention to the Step 1 and 2 grievances filed by Plaintiff while at Kershaw regarding the lack of showers. Plaintiff attached copies of these grievances to his objections, but as Defendant points out in response to Plaintiff's objections, the Magistrate Judge did not consider these grievances, which were filed in January of 2019, because this evidence was not presented to the Magistrate Judge. Regardless, the Court has reviewed this information and ultimately finds that these grievances do not rescue Plaintiff's claims because they were not filed prior to this suit, which Plaintiff filed on September 6, 2018.

Lastly, Plaintiff objects to the Magistrate Judge's finding that Plaintiff's complaint fails to state a claim against Defendant in his individual capacity. Plaintiff simply repeats his allegations generally and asserts, without any additional factual or evidentiary support, that his rights were violated and that they are still being violated. Plaintiff states that the rights are clearly established and that Defendant is personally responsible for the violation of

6

those rights. (*Id.* at 4.) Ultimately, after review, the Court finds Plaintiff's objections without merit. Stated plainly, Plaintiff simply repeats his conclusory arguments but alleges no facts showing that Defendant had personal involvement in any of the purported constitutional violations.

In conclusion, therefore, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. The Court agrees with the Magistrate Judge that the evidence of record indicates that Plaintiff failed to file grievances prior to filing suit concerning the denial of kosher meals, inadequate ventilation, lack of showers, and discrimination concerning character-based units. The Court also agrees with the Magistrate Judge that the evidence indicates that Plaintiff failed to complete the grievance process with respect to his claims for inadequate medical care and denial of access to outdoor exercise at Kershaw. Next, the Court agrees with the Magistrate Judge that Plaintiff's conclusory allegations fail to state a claim against Defendant in his individual capacity. Finally, the Court agrees with the Magistrate Judge that Plaintiff is not entitled to a preliminary injunction or temporary restraining order because he has not demonstrated any of the factors set forth in *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## **CONCLUSION**

Based on the foregoing, it is hereby ordered that the Magistrate Judge's Report (ECF No. 68) is adopted and specifically incorporated herein; Plaintiff's objections (ECF No. 70) are overruled; Defendant's motion for summary judgment (ECF No. 47) is granted; and Plaintiff's motion for preliminary injunction and temporary restraining order (ECF No. 60) is denied.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

March 17, 2020
Charleston, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The right to appeal this order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.